UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MATTHEW JAMES HARRIS,

    Plaintiff,

    v.                                                       Case No. 10-C-3

MILWAUKEE COUNTY HOUSE OF CORRECTION,
MILWAUKEE COUNTY MEDICAL HEALTH CENTER,
MONICA POPE, and CO HASSELL,

    Defendants.

**ORDER**

The plaintiff, who is incarcerated at the Milwaukee County House of Corrections, Correctional Facility - South (HOC), filed a pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. The plaintiff has filed a certified copy of his prison trust account statement for the five-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $10.00.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that on September 10, 2009, at the HOC, he slipped and fell on a puddle of water, fell backward, and hit his head on the floor. After being knocked unconscious for several minutes, the plaintiff woke up in extreme pain and bleeding from the back of his head. The puddle of water had been reported to defendant Hassell, the dorm officer, and scheduled for clean-up hours before he slipped on it.

After the plaintiff fell, defendant Hassell informed the health center of the incident and a nurse came with a wheelchair to take the plaintiff to the health center for an assessment. At the health center, the plaintiff's head was cleaned, he was given ibuprofen, his vitals were taken, and he

3

was asked questions about the accident. After explaining to the health center staff about the severity of the fall and the extreme pain he was in, defendant Hassell and the health center staff told the plaintiff to go back to his housing unit and get some sleep. The plaintiff told defendant Hassell repeatedly that he was in extreme pain but she stated that there was nothing she could do.

The plaintiff alleges that he continued to experience extreme pain and several inmates watched over him to make sure he did not slip into a coma. No correctional officers or medical staff stayed in his presence to monitor his condition. At some point, the plaintiff began to vomit continuously. An inmate reported this condition to defendant Hassell who contacted the health center. Then, a member of the medical staff arrived with a wheelchair to transport the plaintiff back to the health center where a stretcher was waiting for him. From there, the plaintiff was taken by ambulance to a hospital and given a "Cat-scan." After the results of the scan were viewed, the plaintiff was given several shots of morphine and then taken to a different hospital. At the second hospital, another scan was performed and then the plaintiff was taken to the intensive care unit where he stayed for several days. The neurosurgeon, Dr. Cully R. White, informed the plaintiff that, as a result of the fall at the jail, he was diagnosed with severe head trauma, concussion, a crack in the rear to his cranium bone structure, multiple bone fragments floating loosely inside the rear of his skull cavity, and multiple ruptured blood vessels leaking inside his cranium. The plaintiff contends that he has suffered permanent loss of his sense of smell and his peripheral vision.

The plaintiff claims that defendant Hassell neglected to clean the puddle of water in which he slipped and fell, which compromised his health. He also claims that the defendant Monica Pope, House of Corrections Medical Director failed to issue orders to send him directly to the hospital after

4

his fall. The plaintiff further claims that the medical staff did not monitor his condition as ordered by the Medical Director. For relief, he seeks compensatory and punitive damages.

To prevail on a constitutional claim that he was injured by the conditions of his confinement, a plaintiff must show that jail officials were aware of "a substantial risk of serious injury" but nevertheless failed to take appropriate steps to protect him. Butera v. Cottey, 285 F.3d 601, 605 (7th Cir. 2002). Negligence or even gross negligence on the part of officials is not sufficient for liability; their actions must be intentional or criminally reckless. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In Bell v. Ward, 88 Fed. Appx. 125, 126 (7th Cir. 2004), a state inmate alleged that prison officials' failure to clean up water in his cell block result in his slipping and falling, resulting in a gash at required four stitches. The inmate alleged that prison officials knew of the wet floor and "deliberately" refused to remedy the situation. *Id.* The Seventh Circuit Court of Appeals affirmed the dismissal of the complaint at the screening stage because the condition that the inmate attributed to the prison officials' oversight - the accumulation of water on the floor - did not present a substantial risk of serious injury. Id. at 127 (citing LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment"); see also Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower not "an excessive risk to inmate health or safety"). In the cited cases, a wet floor was a ongoing condition. Accordingly, the plaintiff may not proceed on a constitutional claim against defendant Hassell failing to remove the puddle of water that had been there for "hours."

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to

5

the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Illinois*, 220 F.3d 805, 810 (7th Cir. 2000). The plaintiff claims that defendant Pope did not permit medical center staff to immediately take him to the hospital and that medical staff did not monitor the plaintiff after he was initially evaluated and sent back to his unit to sleep. The time lapse between the plaintiff's fall and when he was taken to the hospital is not clear. However, the plaintiff does allege that he was bleeding from the back of his head, told defendant Hassell repeatedly that he was in extreme pain, but was simply directed to go back to housing unit to get some sleep. The plaintiff alleges that he was not monitored by correctional officers or medical staff, and when he started vomiting continuously an inmate contacted the health center.

At this stage, the plaintiff may proceed on an Eighth Amendment (or, if he was a pretrial detainee, Fourteenth Amendment) deliberate indifference to a serious medical need claim against defendants Hassell and Pope in their individual capacities. However, defendants Milwaukee County House of Correction and Milwaukee County Medical Health Center will be dismissed because they are not proper defendants under § 1983. See Whiting v. Marathon County Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004); see also Buchanan v. Kenosha, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999) (citing cases); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Milwaukee County House of Correction and Milwaukee County Medical Health Center are **DISMISSED**.

6

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff shall collect from the plaintiff's prison trust account the $340.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

Honorable Aaron E. Goodstein
℅ Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this <u>6th</u> day of April, 2010.

BY THE COURT

s/AARON E. GOODSTEIN
United States Magistrate Judge

8

Case 2:10-cv-00003-RTR   Filed 04/06/10   Page 8 of 8   Document 6